In the United States District Court
for the Eastern District of Texas

Steven Ray Robertson,
　　　　Petitioner

v.　　　　　　　　　　　　　　　Cause No. _____

TDCJ Parole Board
Director David Gutterez,
　　　　Respondant

## Complaint for Injunctive and Declarative Relief

TO THE HONORABLE COURT:

1. Petitioner, Steven Robertson, brings this action against the Respondants. This is an under the Freedom of Information Act [FOIA], 5 U.S.C.S. Section 552(a), for injunctive and other appropriate relief and seeking the disclosure and release of agency records improperly withheld from Petitioner by Respondant.

2. This Court has both subject matter jurisdiction over this action, and personal jurisdiction over the parties pursuant to 5 U.S.C. Sec 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C.S. Section 1331.

3. Venue lies in this district under 5 U.S.C. Sec 552(a)(4)(B).

## PARTIES

4. Petitioner is a Texas State citizen domiciled at Lewis Unit, 777 FM 3497, Woodville, Texas, 75990.

5. Upon information and belief, Respondant TDCJ Board of Pardons and Parole is a for-profit corporate

PAGE 1 OF 6　　　　FOIA enforcement

subdivision of the STATE OF TEXAS with its principal address located at 209 West 14th Street, Ste 500, Austin, Texas, 78701, and is an agency within the meaning of 5 U.S.C.S. Section 552(f).

## STATUTORY FRAMEWORK

6. The FOIA, 5 U.S.C. Section 552, requires agencies of the government to release requested records to the public unless one or more statutory exemptions apply.

7. An agency must respond to a party making a FOIA request within twenty (20) working days, notifying that party of at least the agencies determination whether or not to fulfill the request, and, of the requestor's right to appeal the agency's determination to the agency head 5 U.S.C.S. Section 552(a)(6)(A)(i).

8. An agency must respond to a FOIA appeal within twenty (20) working days, notifying the appealing party of the agency's determination to either release the withheld records or uphold the denial, 5 U.S.C.S Section 552(a)(6)(A)(ii).

9. In "unusual circumstances," an agency may delay its response to a FOIA request or appeal but must provide NOTICE and must also provide "... the date on which a determination is expected to be dispatched," 5 U.S.C.S. Section 552(a)(6)(B)(i).

10. This Court has jurisdiction, upon receipt of a complaint to "... enjoin the agency from withholding agency records and to order the production of any

agency records improperly withheld from the complaintant," 5 U.S.C.S. Section 552(a)(4)(B)."

## FACTS

11. Petitioner has made several formal written FOIA requests pursuant to 5 U.S.C.S. Section 552(a) to Respondent agencies and their agents. The requests include the following public information:

(A) A copy of the Oath of Office Respondants are required to swear to in defense of the U.S. and Texas Constitution(s);

(B) A copy of Respondant agents Bonding information with unique policy number and contact material;

(C) A copy of the job description manual for parole and hearing officers, the agents-issuers of so-called Blue Warrants, and parole analysts;

(D) The public information associated with each of the seven (7) parole revocation hearings to which Respondant agents subjected Petitioner, including but not limited to, findings of fact and conclusions of law; policy statements and manuals governing paroles; audio taped testimony, witness testimony, motions submitted by Petitioner to Hearing officers;

E. A copy of the delegated Texas congressional authority which purportedly authorizes Respondants to convert common law and constitutional rights into acts of wrong-doing punishable by imprisonment at the hands of unelected non-judicial government bureaucrats

during non-judicial administrative tribunals;

(F) A copy of the list of rights Respondent possess which it may enforce at law against Petitioner;

(G) A copy of any contract Petitioner signed wherein Petitioner agreed to be held liable to Respondent for refusing to surrender his unalienable rights to Respondent agents for non-compliance with mere "rules and guidelines;"

(H) A copy of the full name, business address, ID/badge number, job description and bond information of each of the following Respondent agents:

[i] David Gutterez - director of TDCJ-BPP;
[ii] Catherine Looper - Hearing Officer;
[iii] Rob Minnes (examiner);
[iv] Delon Wright PO2;
[v] Jeremy Smith PO3;
[vi] Liesl McQuillan (therapist);
[vii] David Salazar (parole division);
[viii] Leann Massingill/Emelea Valasquez/Roel Tejada, TDCJ-BPP Division analysts;
[ix] Jodi Brown (attorney for TDCJ agent Looper);
[x] a copy of the contractual agreement between attorney Jodi Brown and Catherine Looper appointing Brown to represent Petitioner against his will during Petitioner's July 28, 2023 revocation hearing.

The above requested public information is needed by Petitioner to ascertain the identity and purported

PAGE 4 OF 6                    FOIA enforcement


power of rogue Respondent agents, including (a) persons whose wrongful conduct caused Petitioners injury; (b) active wrong-doer's employer; (c) person(s) for whom active wrong-doer was acting as agent; (d) active wrong-doer's partner; (e) person whose own conduct also contributed to Petitioner's injury/tort.

12. Through the date of this pleading, which is filed more than twenty (20) working days after Respondent/agents received Petitioner's FOIA request, the Respondent has not responded to the request.

**COUNT 1: Violations of FOIA By Failure to comply with Statutory Deadlines**

13. Paragraphs 1-12 are hereby incorporated by reference as if set forth fully here.

14. Petitioner properly asked for the above-listed public records months ago from Respondent agents with possession/control of them.

15. The Respondents failure to timely respond to Petitioner's FOIA request violate the statutory deadline imposed by the FOIA, including the deadlines set forth in 5 U.S.C.S. Section 552(a)(6)(A)(i).

16. The Respondent agents have not provided any NOTICE, citing "unusual circumstances" in delaying its response to the appeal/request pursuant to 5 U.S.C.S. Section 552(a)(6)(B)(i).

17. Petitioner has exhausted efforts to obtain administrative remedies with respect to Petitioner's FOIA request.

18. The Respondent has wrongly failed to respond to Petitioner's FOIA request within the time period provided by statute and has thus improperly withheld the requested agency records.

19. Petitioner is entitled to injunctive relief compelling the release and disclosure of the requested agency records.

## PRAYER FOR RELIEF

Wherefore, Petitioner requests the following relief:

(a) a declaration that Respondent has violated the FOIA by failing to lawfully satisfy Petitioner's FOIA requests;

(b) an order that Respondent produce all responsive agency records listed in paragraphs 1-12 above within ten (10) business days of the Court's Order in this matter; and,

(c) Grant Petitioner an award of attorney fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C.S. Sec. (a)(4)(E)(i) and 5 U.S.C. Sec 552(a)(g)(3)(B).

Dated: February 15, 2024

Respectfully submitted,

_Steven Robertson_
Steven Robertson in sui juris capacity

cc: file copy

Steven Robertson #287921
Lewis 777 FM 3497
Woodville, Texas 75990

RECEIVED
FEB 2 6 2024
Clerk, U.S. District Court
Eastern District of Texas

SHREVEPORT LA 710
23 FEB 2024 PM 1 L

- CLERK
U.S. DISTRICT COURT
EASTERN DISTRICT TEXAS
7940 PRESTON ROAD
PLANO, TEXAS
75024